UNITED STATES DISTRICT COURT    EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| CALEB DOYLE and BENTON BUCHANAN, Individually and On Behalf of All Others Similarly Situated, §§§§§§ | |
| *Plaintiff(s)*, §§ | |
| v. § | No. _____ |
| CLASSIC CRANE AND TRANSPORT, LP, §§§§§ | |
| *Defendant(s)*. §§ | |

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Caleb Doyle ("Doyle") and Benton Buchanan ("Buchanan") (collectively, "Plaintiffs"), brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Classic Crane and Transport, LP. ("Classic Crane"), who were not paid for all of the hours they worked during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") and for breach contract.

### I.  Nature of Suit

1.    Plaintiffs' claims arise under the FLSA.

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers …." 29 U.S.C. § 202(a).

3.      To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.      Classic Crane violated the FLSA by employing Plaintiffs and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.      Classic Crane willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

6.      Plaintiffs bring this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Classic Crane to recover back wages, liquidated damages and overtime.

7.      Plaintiff Doyle brings this action for breach of contract because Classic Crane agreed to pay him $30.00 for each of the first forty hours per week that he worked and $45.00 for each hour that he worked in excess of forty hours per week but did not.

8.      Plaintiff Buchanan brings this action for breach of contract because Classic Crane agreed to pay them $32.00 for each of the first forty hours per week that he worked and $48.00 for each hour that he worked in excess of forty hours per week but did not.

## II. Jurisdiction & Venue

9.     This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

10.     The Court has supplemental jurisdiction over Plaintiffs' breach-of-contract claim because it is so related to the FLSA claim that they form part of the same case or controversy under U.S. Const. art. III. 28 U.S.C. § 1367(a) (supplemental jurisdiction).

11.     Venue is proper in this district and division because Classic Crane resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in this district and division. 28 U.S.C. § 1391(b)(1), (2).

## III. Parties

12.     Caleb Doyle is an individual who resides in Gregg County, Texas and who was employed by Classic Crane during the last three years.

13.     Benton Buchanan is an individual who resides in Upshur County, Texas and who was employed by Classic Crane during the last three years.

14.     Classic Crane is a Texas corporation that may be served with process by serving its registered agent:

J. Brad Allen
125 River North Blvd.
Stephenville, Texas 76401

Alternatively, if the registered agent of Classic Crane cannot with reasonable diligence be found at the company's registered office, Classic Crane may be served with process by serving

the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

15.     An allegation that Classic Crane committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Classic Crane or was done in the normal course and scope of employment of Classic Crane's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

16.     Classic Crane offers a variety of services and truck rentals in Midland, Odessa, and East Texas. *See* Classic Crane and Transport, LP. https://classicoilfieldservices.com/our-services/ (last visited December 15, 2022).

17.     Classic Crane does business in the territorial jurisdiction of this Court.

18.     Classic Crane employed Doyle as a crane operator from January 1, 2022 through July 15, 2022.

19.     Classic Crane employed Buchanan as a crane operator from January 17, 2022 through November 30, 2022.

20.     As crane operators, Plaintiffs were responsible for setting up, maintaining, and operating crane equipment.

21.     During Plaintiffs' employment with Classic Crane, they were engaged in commerce or in the production of goods for commerce.

22.    During Plaintiffs' employment with Classic Crane, the company had employees engaged in commerce or in the production of goods for commerce.

23.    During Plaintiffs' employment with Classic Crane, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

24.    During Plaintiffs' employment with Classic Crane, the company had an annual gross volume of sales made or business done of at least $500,000.

25.    Classic Crane paid Plaintiffs on an hourly basis.

26.    Classic Crane agreed to pay Doyle $30.00 for each of the first forty hours per week that he worked

27.    Classic Crane agreed to pay Doyle $45.00 for each hour that he worked in excess of forty hours per week but did not.

28.    Classic Crane agreed to pay Buchanan $32.00 for each of the first forty hours per week that he worked.

29.     Classic Crane agreed to pay Buchanan $48.00 for each hour that he worked in excess of forty hours per week but did not.

30.    Classic Crane paid Plaintiffs on a weekly basis.

31.    During Plaintiffs' employment with Classic Crane they regularly worked in excess of forty hours per week.

32.    Classic Crane knew or should have known that Plaintiffs worked in excess of forty hours per week.

33.    Classic Crane did not pay Plaintiffs for all the hours they worked, and it did not pay them for the hours in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

34.    Classic Crane did not pay Doyle $30.00 for each of the first forty hours per week that he worked

35.    Classic Crane did not pay Doyle $45.00 for each hour that he worked in excess of forty hours per week but did not.

36.    Classic Crane did not pay Buchanan $32.00 for each of the first forty hours per week that he worked.

37.     Classic Crane did not pay Buchanan $48.00 for each hour that he worked in excess of forty hours per week but did not.

38.    Plaintiffs were not exempt from the maximum hour requirements of the FLSA.

39.    As crane operators, Plaintiffs' primary duties were nonexempt.

40.    As crane operators, Plaintiffs' primary duties did not include office or nonmanual work.

41.    As crane operators, Plaintiffs' primary duties were not directly related to the management or general business operations of USAD or its customers.

42.    As crane operators, Plaintiffs' primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

43.    As crane operators, Plaintiffs did not, in performing their primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

44.    As crane operators, Plaintiffs were, instead, required to follow Classic Crane's policies, practices, and procedures.

45.    As crane operators, Plaintiffs did not have any independent authority to deviate from Classic Crane's policies, practices, and procedures.

46.    Classic Crane knew or should have known that Plaintiffs were not exempt from the maximum hour requirements of the FLSA.

47.    Classic Crane willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

48.    During Plaintiffs' employment with Classic Crane, the company did not maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

49.    During Plaintiffs' employment with Classic Crane, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

50.    Classic Crane continued the pay practice(s) complained of by Plaintiffs without investigation after being put on notice that the pay practice(s) violated the FLSA.

51.    Classic Crane has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

52.    Prior to this lawsuit, Classic Crane conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Plaintiffs.

53.    Because Classic Crane willfully violated the FLSA, the company is liable to Plaintiffs for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

54.    As a result of the FLSA violation(s) described above, Classic Crane is liable to Plaintiffs for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

55.    All crane operators who were employed by Classic Crane during the last three years are similarly situated to Plaintiffs because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were not paid for all hours worked and were not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Classic Crane under 29 U.S.C. § 216(b).

56.    Because Classic Crane breached its agreement with Doyle to pay him for all of the hours he worked (at $30.00 for each of the first forty hours and $45.00 for each hour thereafter), it is liable to Doyle for his unpaid wages and attorney's fees and costs.

57.    Because Classic Crane breached its agreement with Buchanan to pay him for all of the hours he worked (at $32.00 for each of the first forty hours and $48.00 for each hour thereafter), it is liable to Buchanan for his unpaid wages and attorney's fees and costs.

### V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

58.    Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

59.     During Plaintiffs' employment with Classic Crane, they were nonexempt employees.

60.     As nonexempt employees, Classic Crane were legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which they [were] employed[]" for the hours they worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

61.     Classic Crane did not pay Plaintiffs for all of the hours they worked nor did it pay them overtime "at a rate not less than one and one-half times the regular rate at which they [were] employed[]" as required by 29 U.S.C. § 207(a)(1).

62.     If Classic Crane classified Plaintiffs as exempt from the maximum hour requirements of the FLSA, they were misclassified.

63.     As a result of the FLSA violation(s) described above, Classic Crane are liable to Plaintiffs for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI.  Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

64.     Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

65.     Classic Crane willfully violated the FLSA because they knew or showed a reckless disregard for whether its pay practices were unlawful.

66.     Classic Crane failed to maintain accurate time and pay records and failed to post an FLSA notice.

67.    Because Classic Crane willfully violated the FLSA, the company is liable to Plaintiff for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

### VII. Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

68.    Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

69.    On information and belief, other employees of Classic Crane have been victimized by the FLSA violation(s) described above.

70.    These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

71.    Classic Crane unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

72.    Since Plaintiffs' experience is typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

73.    For these reasons, Plaintiffs request that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All crane operators/laborers who were employed by and/or provided services to Classic Crane who were not paid for all hours worked and were not paid at a rate not less than one and one-half times their regular rates for all hours in excess of 40 per week.

74. Classic Crane is liable to Plaintiffs and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

75. Plaintiffs have retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of them and all other putative class members.

## VIII.  Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

76. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

77. Classic Crane agreed to pay Doyle $30.00 for each of the first forty hours per week that he worked

78. Classic Crane agreed to pay Doyle $45.00 for each hour that he worked in excess of forty hours per week but did not.

79. Classic Crane agreed to pay Buchanan $32.00 for each of the first forty hours per week that he worked.

80.  Classic Crane agreed to pay Buchanan $48.00 for each hour that he worked in excess of forty hours per week but did not.

81. Classic Crane knew or should have known the total number of hours that Plaintiffs worked during each week.

82.    Classic Crane did not pay Doyle $30.00 for each of the first forty hours per week that he worked.

83.    Classic Crane did not pay Doyle $45.00 for each hour that he worked in excess of forty hours per week.

84.    Because Classic Crane breached its agreement with Doyle to pay him for all of the hours he worked (at $30.00 for each of the first forty hours and $45.00 for each hour thereafter), it is liable to Doyle for his unpaid wages and attorney's fees and costs.

85.    Classic Crane did not pay Buchanan $32.00 for each of the first forty hours per week that he worked.

86.    Classic Crane did not pay Buchanan $48.00 for each hour that he worked in excess of forty hours per week.

87.    Because Classic Crane breached its agreement with Buchanan to pay him for all of the hours he worked (at $32.00 for each of the first forty hours and $48.00 for each hour thereafter), it is liable to Buchanan for his unpaid wages and attorney's fees and costs.

### IX.  Count Five—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

88.    Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

89.    Plaintiffs are authorized to recover liquidated damages on their claims by statute. 29 U.S.C. § 216(b).

90.    Plaintiffs are authorized to recover attorney's fees and costs on their claims by statute. 29 U.S.C. § 216(b); Tex. Civ. Prac. & Rem. Code §§ 38.001(b)(2), 38.002(b)(8).

91.    Plaintiffs have retained the professional services of the undersigned attorneys.

92.    Plaintiffs have complied with the conditions precedent to recovering attorney's fees and costs.

93.    Plaintiffs have incurred or may incur attorney's fees and costs in bringing this lawsuit.

94.    The attorney's fees and costs incurred or that may be incurred by Plaintiffs were or are reasonable and necessary.

95.    Classic Crane is liable to Plaintiffs and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

96.    Classic Crane is liable to Plaintiffs for attorney's fees because their claims are for performed labor and/or breach of an oral or written contract. Tex. Civ. Prac. & Rem. Code §§ 38.001(b)(2), 38.002(b)(8).

## X.  Relief Sought

97. Plaintiffs demands the following relief:

      a.   an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

      b.   an incentive award for Plaintiffs for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

      c.   judgment against Classic Crane in Plaintiffs' favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

      d.   all other relief and sums that may be adjudged against Classic Crane in Plaintiffs' favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _____
    Melissa Moore
    State Bar No. 24013189
    melissa@mooreandassociates.net
    Curt Hesse
    State Bar No. 24065414
    curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFFS**